IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Angela M. Crone-Schierloh, *et al.*, | : | |
| Plaintiff | : | Civil Action 2:12-cv-410 |
| v. | : | Judge Smith |
| Timothy Hammock, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

## Discovery Dispute Conference Order

On March 27, 2013, counsel for the parties participated in a discovery dispute conference with the Magistrate Judge.

Before the conference, counsel emailed me four communications between counsel: February 5, 2013 letter from plaintiffs' counsel Gregory Porter to defendants' counsel Scott Stitt and Jim Arnold; March 13 letter from Stitt to Porter; March 15 email from plaintiffs' counsel Gabriel Siegle to Stitt and Arnold; and March 19 letter from Stitt to Porter and Siegle.

Counsel are engaged in discovery about plaintiffs' standing to bring suit. Plaintiffs have served written discovery on defendants seeking two categories of documents: (1) those regarding contributions that were not collected or were not properly credited and (2) those relating to the Pension Plan's decrease of the Future Service Benefit multiplier in 2006 and 2009. The Plans have agreed to produce documents responsive to the first category, but not the second.

The Future Service Benefit multiplier is the percentage used in the Pension Plan to

multiply a participant's contributions to arrive at a monthly benefit amount. The Pension Plan correctly argues that the Trustees were acting as settlors, not fiduciaries, when they decreased the multiplier in 2006 and 2009. *Gard v. Blankenburg*, 33 Fed. Appx. 722, 727-28 (6th Cir. 2002). However, plaintiffs are not seeking the documents about how and why the Trustees decreased the multiplier to prove a breach of fiduciary duty. Instead, they seek the documents to demonstrate they suffered an injury giving them standing to pursue their claim that the Trustees breached their fiduciary duty when they failed to collect delinquent Pension Plan contributions.

Plaintiffs argue that the Trustee's action decreasing the multiplier is a causal link between the breach of fiduciary duty (failure to collect contributions due the Pension Plan) and injury to them (decrease of their monthly benefit amount). Although I agree that the Trustees were acting as settlors, not fiduciaries when they decreased the multiplier, I also agree with plaintiffs that the discovery is arguably relevant to whether they have suffered sufficient injury from the alleged breach of the fiduciary duty to collect delinquent Pension Plan contributions to have standing to bring the claim.

The Trustees' argument that they acted as settlors when they decreased the multiplier and, therefore, the benefit was set and plaintiffs are legally entitled only to the benefit set, fails to address the argument that the reason the benefit decreased was their alleged failure to collect delinquent contributions. Although there is a legal question whether that consequence is sufficiently related to the alleged failure to collect delinquent contributions, the parties have cited no authority on that issue. Defendants also assert that arguably collectible delinquent contributions could not amount to even 1% of total plan assets.

2

Consequently, they argue that other factors–return on invested assets, number of current and projected retirees, life expectancy, future predicted stream of contributions, the economy, and so on–are determinative of the multiplier, not the amount of arguably collectible delinquent contributions. However, this is a factual argument that the requested discovery will either support or undermine.

Defendants also argue that the longest arguable statute of limitations goes back to May 10, 2006. The multiplier was changed in January 2006, effective May 1, 2006. Consequently, they argue that documents regarding the 2006 decrease in the multiplier could not be relevant even if plaintiffs' standing argument is accepted. While it is true that the documents could not be offered as proof of standing injury before May 10, 2006, they might nonetheless be supporting evidence that plaintiffs suffered standing injury causally related to the 2009 multiplier decrease.

For the reasons set out above, it is ORDERED that defendants produce documents responsive to plaintiffs' category two requests. Any motion to reconsider this order under 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5 must be filed on or before **April 15, 2013.**

s/Mark R. Abel
United States Magistrate Judge
